UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK STEVEN DAVIS,
    Petitioner,

vs.                                  Case No.:   3:20cv5974/LAC/EMT

JULIE JONES,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Frank Steven Davis (Davis) commenced this case by filing a petition for writ of habeas corpus in the Eleventh Circuit Court of Appeals (*see* ECF No. 1 at 11).[1]  The Eleventh Circuit forwarded the petition to this court for further disposition (*see id.*).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b).  After careful consideration of the habeas petition, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

I. BACKGROUND

Davis' § 2254 petition challenges a judgment and sentence entered in the Circuit Court in and for Escambia County, Florida on August 21, 2012 in the following cases: 2011-CF-5904, 2011-CF-5905, 2011-CF-5906, 2011-CF-6001, 2011-CF-6002, 2011-CF-6003, 2011-CF-6004, 2011-CF-6005, 2011-CF-6006, 2012-CF-169, 2012-CF-170, 2012-CF-171, 2012-CF-172, 2012-CF-173, 2012-CF-174, 2012-CF-175, and 2012-CF-535 (*see* ECF No. 1 at 1–2). Davis states on the petition form that he previously filed a § 2254 petition regarding the validity of his state convictions and sentences (*id.* at 7). Davis states the court dismissed the § 2254 petition as untimely (*id.* at 8).

The court takes judicial notice of its own records in *Davis v. Inch*, Case No. 3:18cv1546/LAC/EMT. Davis initiated Case No. 3:18cv1546/LAC/EMT on July 13, 2018, by filing a § 2254 petition challenging the same judgment and sentence at issue in the present case. *See Davis v. Inch*, No. 3:18cv1546/LAC/EMT, Petition, ECF No. 1 (N.D. Fla. July 18, 2018) and Report and Recommendation, ECF No. 15 (N.D. Fla. Apr. 5, 2019). This district court dismissed the habeas petition as time-barred on April 26, 2019. *See id.*, Order, ECF No. 17 (N.D. Fla. Apr. 26, 2019).

II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Davis' first habeas action, which the district judge adopted, demonstrates that Davis' 2018 petition qualified as a first petition for the purpose of determining successor status, because it was dismissed as untimely. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment. Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive.") (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)); *see*

*also McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). The instant petition thus qualifies as "second or successive" for purposes of § 2244(b)(3).

Davis has not alleged or shown that he obtained permission from the Eleventh Circuit to file a second or successive habeas petition. Unless he obtains such permission, the district court may not consider a successive petition.[2]

## III. CONCLUSION

A district court may dismiss a § 2254 petition *sua sponte* as long as it gives the petitioner notice of its decision and an opportunity to be heard in opposition. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). This

---

[2] The court recognizes that Davis originally filed the instant § 2254 petition in the Eleventh Circuit Court of Appeals, and the appellate court transferred the petition to this district court. Davis is advised that if he wishes to seek the appellate court's permission to file a second or successive habeas petition, he must use the Eleventh Circuit's standard form for doing so. The form is available on the Eleventh Circuit's website or by contacting the Clerk of Court, U.S. Court of Appeals for the 11th Circuit, 56 Forsyth St. N.W., Atlanta, Georgia 30303.

Case No.: 3:20cv5974/LAC/EMT

Report and Recommendation provides Davis an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond to both the propriety of the court's taking judicial notice of facts taken from the court's docket in his first § 2254 case and the court's determination that the instant § 2254 petition is second or successive under § 2244. *Id.* at 649 (the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's report and recommendation that his petition be summarily dismissed as untimely") (citation omitted); *id.* at 651–53 (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely

notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Petitioner's habeas petition (ECF No. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. A certificate of appealability be **DENIED**.

3. The clerk of court close this case.

At Pensacola, Florida, this 29th day of January 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**